UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| TRANSWESTERN PIPELINE COMPANY, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>0.43 ACRE, MORE OR LESS, OF PERMANENT EASEMENT LOCATED IN PINAL COUNTRY, *et al.*,<br><br>    Defendants. | 2:07-cv-02488 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 107] |

## I. MOTION PRESENTED

At docket 107, plaintiff Transwestern Pipeline Company, LLC ("Transwestern") requests an order precluding defendant's proffered "representative" Lee Allen Johnson from testifying or offering his opinion of the value of Elaine Farms. At docket 109, defendant ABCDW, LLC ("defendant") opposes the motion. Transwestern replies at docket 115. Oral argument was requested, but it would not assist the court.

## II. BACKGROUND

This action involves Transwestern's condemnation of property for an easement, for the purpose of constructing the approximately 260-mile expansion of Transwestern's existing natural gas pipeline in accordance with a Certificate of Public Convenience and

Necessity issued by the Federal Energy Regulatory Commission ("FERC") on November 15, 2007. By order dated June 19, 2008, the court granted the parties' stipulation allowing Transwestern's immediate entry and possession of defendant's real property described in Exhibit 2 to the Complaint, consisting of a 50-foot-wide permanent easement, temporary workspace, and temporary access roadway, transecting property located in unincorporated Pinal County, Arizona, referred to by the parties as the Elaine Farms property.[1] Elaine Farms, which is currently raw desert land, is "the subject of a tentative subdivision map adopted by the [City of Casa Grande]."[2]

The remaining issues in this condemnation action involve determining the fair market value of the 50-foot-wide easement, and the existence and amount of severance damages to the remaining property. In its briefing, Transwestern defined "severance damages" as "any decrease in market value to the unencumbered portion of the parcel located outside of the permanent easement taken by Transwestern, arising from the taking of the easement."[3]

Defendant proffered the testimony of Lee Johnson on the value of the Elaine Farms property. In its trial witness list, defendant states that Johnson "is a Manager of ABCDW and has knowledge about the Defendant's development of the subject property and how the development plans for the property were changed by the construction of Transwestern's pipeline."[4] Defendant indicates that Johnson will "present the owner's

---

[1] Doc. 57.

[2] Doc. 106 at p. 2., doc. 108 at p. 2.

[3] Doc. 106 at p. 2.

[4] Doc. 107-1 at p. 36.

opinion of just compensation owing from Transwestern for the taking in this case, which totals $1,492,053."[5] Johnson's just compensation estimate is made up of three components. "First, the owner's opinion of the unit value of the property taken by Transwestern as of the June, 2008 date of value is $64,800 per acre, as opposed to the $20,000/acre opined to by Transwestern's expert, Jan Sell."[6] The second component of just compensation totals $453,600 "[b]ased on the developable area within the 525' potential setback area as opined to by Mr. Oliver and with which Mr. Johnson agrees."[7] The third component of just compensation is based on the anticipated "replatting of the entire development to accommodate the pipeline and anticipated setback requirements."[8] Johnson will testify that just compensation for replatting is $1,000,000, based on "Mr. Oliver's opinions of the effect of the replatting expenses of approximately $420,000 and additional development costs/reduced development yield in the range of $500,000 to $1,000,000."[9]

### III. DISCUSSION

"Federal Rule of Evidence 702 allows admission of 'scientific, technical, or other specialized knowledge' by a qualified expert if it will 'assist the trier of fact to understand

---

[5] *Id.* at p. 37.

[6] *Id.*

[7] Doc. 107-1 at p. 38.

[8] *Id.*

[9] Doc. 107-1 at pp. 38-39.

-3-

the evidence or to determine a fact in issue.'"[10] "Rule 702 requires that a testifying expert be 'qualified as an expert by knowledge, skill, experience, training, or education.'"[11] "The Advisory Committee's Notes to [Rule 702] specifically cite 'landowners testifying to land values' as 'within the scope of the rule.'"[12] Expert testimony is admissible under Rule 702 if it is both relevant and reliable.[13] "The trial court must act as a 'gatekeeper' to exclude 'junk science' that does not meet Rule 702's reliability standards by making a preliminary determination that the expert's testimony is reliable."[14]

Transwestern first argues that Johnson's opinion testimony as to value is not admissible as landowner's testimony because he has no ownership interest in the Elaine Farms property or in ABCDW, LLC; rather, as of the date of the taking, Johnson "was merely an attorney working as an independent contractor for the Defendant."[15] Defendant argues that Johnson, acting as representative of ABCDW, LLC, "can opine

---

[10] *Esayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002) (quoting Fed. R. Evid. 702).

[11] *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004 (quoting Fed. R. Evid. 702)).

[12] *In re Tamen*, 22 F.3d 199, 206 (9th Cir. 1994) (citing Fed. R. Evid. 702 advisory committee's notes).

[13] *Daubert v. Merrell Dow Phars., Inc.*, 509 U.S. 579, 589 (1993).

[14] *Mukhtar*, 299 F.3d at 1063 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999)).

[15] Doc. 107 at p. 3.

as to the value of a company asset because he has knowledge of the property and its value."[16]

It is well established that property owners may testify as experts regarding the value of their property.[17] Case law also suggests that an officer of a corporation that owns a parcel of land "may be able to give personal opinion testimony on land value."[18] The rationale behind the rule permitting an owner to testify as to the value of his or her property "is that the owner is assumed to be familiar enough with the property to know its worth."[19]

Here, Johnson's opinion testimony as to the value of the Elaine Farms property is not admissible as a property owner's opinion under Rule 702 because Johnson is not an owner of the Elaine Farms property nor does he have any ownership interest in ABCDW, LLC. Moreover, at the time of taking, Johnson was not an employee, much less a representative, of ABCDW, LLC. Rather, he "was self-employed as an attorney."[20] Defendant argues that Johnson's testimony as to value and severance damages is admissible because Johnson has knowledge about ABCDW, LLC's ownership and development plans for the Elaine Farms property, the impact of the

---

[16]Doc. 109 at pp. 1-2.

[17]*Bateman v. Donovan*, 131 F.3d 759, 764 (9th Cir. 1942).

[18]*Lund v. Albrecht*, 936 F.2d 459, 466 (9th Cir. 1991); *Tamen*, 22 F.3d at 206 ("Based on Tamen's status as prior general partner and then co-developer of the properties, the bankruptcy court did not abuse its discretion in admitting his testimony.")

[19]*Puget Sound Power & Light Co. v. Public Utility District No. 1 of Whatcom County*, 123 F.2d 286, 290 (9th Cir. 1941).

[20]Doc. 107-1 at p. 21.

pipeline on those development plans, and the just compensation owed to ABCDW, LLC, based on his experience as "active manager" of ABCDW, LLC.[21] While "the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience," the advisory committee notes emphasize that "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."[22] Here, while Johnson purports to rely on his experience as active manager of ABCDW, LLC, Johnson fails to explain how that experience leads to his opinion that just compensation owing from Transwestern totals $1,492,053; why his experience as manager of ABCDW, LLC is a sufficient basis for his opinion; and how his experience is reliably applied to the facts in this matter.

Transwestern next argues that Johnson's opinion concerning just compensation for the taking of the Elaine Farms property is not reliable because it is based on a lender's unsubstantiated valuation of the Elaine Farms property in July 2007 and on Oliver's testimony concerning severance damages owed due to the hypothetical imposition of a 525-foot setback. The court concurs. Rule 702 permits an owner to testify as to his or her property's value based on the owner's special knowledge of the property. Here, there is no basis for assuming that Johnson is "familiar enough with the property to know its worth" because Johnson explicitly bases his opinion on a lender's valuation and on Oliver's opinions on the effects of a hypothetical setback requirement

---

[21]Doc. 109 at p. 2.

[22]Fed. R. Evid. 702 advisory committee's note.

and related replatting expenses.[23]  Moreover, in its order at docket 120, the court excluded Oliver's testimony and expert report on the grounds that "Oliver is not qualified as an expert by knowledge, skill, experience, training, or education, and his expert report and testimony based thereon are neither reliable nor relevant."[24]  Similarly, because Johnson's testimony is not admissible as a landowner's opinion under Rule 702, and he is not qualified as an expert by knowledge, skill, experience, training, or education to testify as to the value of the Elaine Farms property, the court will exclude Johnson's testimony on value and severance damages.

## IV.  CONCLUSION

For the reasons set out above, plaintiff's motion at docket 107 to exclude the opinion testimony of Lee Allen Johnson is **GRANTED**.

DATED this 12th day of April 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[23]*Puget Sound Power & Light*, 123 F.2d at 290.

[24]Doc. 120 at p. 6.